**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN HOWELL MIKULAK,

Defendant - Appellant.

No. 14-50352

D.C. No. 3:13-cr-03943-W-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted September 2, 2015
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

**1.** Although we ordinarily do not resolve claims of ineffective assistance of

counsel on direct appeal, the record is sufficiently developed to allow us to do so

here. *See United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013). Even if John

Mikulak's counsel rendered deficient performance by failing to cite *United States*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*v. Henderson*, 649 F.3d 955 (9th Cir. 2011), and the related 2012 Sentencing Commission report, Mikulak has not met the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). The district court was aware that the Sentencing Guidelines were advisory and that the court was free to depart downward from the recommended range. Defense counsel presented the court with a number of grounds for departing downward, including Mikulak's potential for rehabilitation and the fact that he had no intent to distribute content. Nonetheless, after taking into account all of the equities in Mikulak's favor as well as the relevant mitigating factors under 18 U.S.C. § 3553(a), the court sentenced Mikulak to the low end of the advisory Guidelines range. Mikulak has provided nothing to suggest that the district court would have departed downward had defense counsel only cited *Henderson* or the Sentencing Commission report. In fact, the government itself had informed the court that other courts had disregarded the Guidelines and their underlying policies in similar cases, so the court was aware that a policy disagreement with the child pornography Guidelines provided an additional potential ground for departure. Mikulak has therefore failed to establish a reasonable possibility that the court would have imposed a lower sentence had counsel performed in a non-deficient manner.

2.  The district court did not commit plain error by relying on the Sentencing Guidelines in determining the proper sentence to impose. Although *Henderson* authorizes courts to depart from the Guidelines for policy reasons, courts are in no way obligated to do so. The district court did not consider the Guidelines range presumptively reasonable, but instead properly determined whether the 121-month sentence was appropriate given the nature of the crime and Mikulak's individual circumstances.

3.  The 121-month, within-Guidelines sentence was not substantively unreasonable. The court was well aware of the treatment that Mikulak had sought voluntarily during the year before he was charged and referred to it during sentencing. There is no evidence that the court failed to take Mikulak's rehabilitation into consideration when considering the appropriateness of the sentence to be imposed.

**AFFIRMED.**